ACKLEY<br>*v*<br>LYONS.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## MICHAEL GIRARD *v.* ABRAHAM HIRSCH et al.

6   651<br>114   716

Where a person leaving the country gave a general power of attorney to his wife and to an attorney at law, authorizing them, amongst other things, to represent him in all suits, it will be presumed that his intention was to authorize the attorney to attend to suits in which he might be interested; and the appearance of the attorney, alone, will bind the absentee.

An attorney at law has not the power of confessing a judgment against his client, but when the evidence shows that the plaintiff was entitled to a judgment, and the judge so states in his reasons for rendering it, the judgment ought not to be annulled.

Where an entry was made on the minutes that execution was to be stayed for six months, but was not mentioned in the judgment, and execution was issued before the time had expired. *Held:* that the proper remedy was an injunction, which not having been obtained, the irregularity was not sufficient ground to annul a sale made under the execution.

Purchasers at sheriff's sales are presumed to take notice of the judgment on which property is sold, but are not bound to know the entries on the minutes.

APPEAL from the District Court of the Parish of Lafayette, *Overton*, J. *M. B. Girard*, for plaintiff. *E. Simon*, for defendants. The judgment of the court was pronounced by

PRESTON, J. This suit was instituted to annul a judgment and execution in the suit of the Union Bank against *Michael Girard* and others, and to recover the undivided half of a lot of ground, in the town of Vermillionville, with the buildings and improvements thereon, which was seized and sold under the execution.

The plaintiff is one of the heirs of *Michael Girard*. On the 25th of November, 1843, the judgment in favor of the Union Bank was rendered against *Girard* and others. The plaintiff alledges that he was not cited, that no issue was joined, and that judgment was rendered against him by consent, although he had authorized no one to confess judgment against him.

The defendant, *Girard*, was in France when the suit was instituted and judgment was rendered, but it is fully shown that he had an agent in the parish, who signed the note on which the suit was brought. The petition and citation was served upon the agent. This was insufficient, as it is not shown that he had power to appear in court for his principal.

The defendants in this suit have, by evidence, fully remedied this defect. The answer to the suit was filed by licensed attorneys, and one of them, it is shown, held a full power of attorney from *Girard*, to appear for him before all courts of law and equity, there to do and prosecute, or defend, as occasion shall require. This power of attorney being of the most general, as well as special character, although the wife of *Girard* was associated as co-attorney, cannot

GIRARD
*v.*
HIRSCH.

reasonably be construed otherwise than that in case of law suits; the attorney at law, and not the wife, should prosecute or defend them.

This power of attorney was given by an authentic act on the public records; and even if the private letters to an agent, subsequently appointed, should have been intended to revoke it, (though they rather confirm it, by directing the agent to employ the same attorney in suits,) the courts and suitors are not to be presumed to have known of that private revocation of the power, and were therefore perfectly justified in acting under the public power, which had not been publicly revoked.

The attorneys filed a general denial, as the answer of the defendant; but, it appears by the record, consented to judgment. Even if they had no power to consent to the judgment, the note on which the suit was instituted, was filed; also, its protest. The general denial superseded the necessity of proving the signature of the drawer, and whatever other evidence was necessary, was, no doubt, furnished; for the judge declares, in his judgment, that the law and evidence being in favor of the plaintiffs, he rendered judgment against the defendants. It cannot, therefore, be annulled.

There is an entry on the minutes of the court, though not embodied in the judgment, that a stay of execution for six months was granted. The execution was issued five days before this term had expired, and, it is urged, that the seizure and sale, under this premature execution, is null and void. We think not; the redress was by injunction, or a suit for damages. By the first means, the offer of the property, by the sheriff, for sale for cash, would have been delayed but a few days. By the second, nothing would have been recovered, as the property was not sold until more than two months after the delay, for the execution had expired, and then on twelve months credit.

The examination of these subjects, however, is unnecessary, as the agreement to stay execution was not embodied in the judgment; to which, alone, the purchaser was obliged to look for authority to execute and sell, and not to the record of understandings on the minutes of the court.

Moreover, the defendant having been informed by his agent, by letters, of the seizure and sale of the property, does not appear, during his life, to have made any objections to the proceedings. On the contrary, his agent appears to have ratified them, by giving the sheriff a receipt for the balance of the price of the property, beyond the amount of the execution.

For these reasons, it is decreed, that the judgment of the district court be reversed, and that there be judgment for the defendants, with costs in both courts.